UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| AILEEN LUCIANO, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>SPRINGLEAF FINANCE CORPORATION AND SPRINGLEAF FINANCIAL SERVICES OF WISCONSIN, INC., collectively d/b/a SPRINGLEAF FINANCIAL SERVICES,<br><br>　　　　Defendants. | Case No.: 14-cv-1261<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Aileen Luciano (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

## NATURE OF ACTION

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Defendants in contacting Plaintiff and Class members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA"). Defendants have violated the TCPA by contacting Plaintiff and Class members on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

2. Plaintiff also brings this action for damages, and other legal and equitable remedies, resulting from Defendants' violations of the debt collection provisions of the Wisconsin Consumer Act, Wis. Stat. § 427.104(1) ("WCA").

3. Plaintiff brings this action for injunctive relief and statutory damages resulting from Defendants' illegal actions.

## JURISDICTION AND VENUE

4. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 28 U.S.C. § 1331; *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 753 (2012) (holding that federal courts have federal question jurisdiction over TCPA claims.). The Court has supplemental jurisdiction over Plaintiffs' WCA claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because, as the conduct at issue occurred in or was directed toward individuals in the state of Wisconsin, Defendants have established minimum contacts showing it has purposefully availed themselves to the resources and protection of the State of Wisconsin. Defendants do substantial business in Wisconsin.

6. Venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because a substantial part of the events giving rise to the claims, namely automated telephone calls to persons in this District and debt collection activities, occurred in this District.

## PARTIES

7. Plaintiff Aileen Luciano ("Luciano") is an individual citizen of the State of Wisconsin, who resides in Milwaukee, Wisconsin.

8. Defendant Springleaf Finance Corporation ("SFC") is a foreign corporation with its primary place of business located in Evansville, Indiana.

9. Defendant Springleaf Financial Services of Wisconsin, Inc. ("Springleaf Wisconsin"), is a foreign corporation with its primary place of business located at the same address in Evansville, Indiana as SFC.

10. Springleaf Wisconsin is a wholly owned subsidiary of SFC.

11. Upon information and belief, SFC and its subsidiaries, including Springleaf Wisconsin, operate as a single unit and collectively use the fictitious or trade name "Springleaf Financial Services." Hereinafter, the singular term "Springleaf" refers to SFC and Springleaf Wisconsin together.

12. Springleaf is a "short term" or "payday" lender. It offers short term loans at high interest rates, primarily to consumers whose credit or other circumstances make them unable to obtain credit from other sources such as banks or credit unions.

13. Defendants operates a "brick and mortar" lending store at 2972 South Chase Ave., Milwaukee, Wisconsin 53207.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA), 47 U.S.C. § 227

14. In 1991, Congress enacted the TCPA, in response to a growing number of consumer complaints regarding certain telemarketing practices.

15. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

16. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that

3

wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

17. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

18. The Declaratory Ruling further specifies that the "creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules."

## THE WISCONSIN CONSUMER ACT'S DEBT COLLECTION PROVISIONS

19. The WCA was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

20. The WCA's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983).

21. Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

4

22. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, and "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

23. The Act contains significant and sweeping restrictions on the activity of creditors attempting to collect debts. *See* Wis. Stat. § 427.104.

24. Among other protections, the WCA expressly prohibits a debt collector from "Initiat[ing] or threaten[ing] to initiate communication with the customer's employer prior to obtaining final judgment against the customer," and "Disclos[ing] or threaten[ing] to disclose to a person other than the customer or the customer's spouse information affecting the customer's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information." Wis. Stat. §§ 427.104(1)(d), (1)(e).

## FACTUAL ALLEGATIONS

### *TCPA*

25. At all times relevant, each Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

26. Defendant sought to collect a debt that arose from a transaction incurred allegedly for personal, family or household purposes.

27. In or around the summer of 2013, Luciano obtained one or more short term loans from Defendants.

28. Luciano never provided her cellular telephone number to Defendants.

29. Upon information and belief, Defendants obtained Luciano's cellular telephone number through skip-tracing.

5

30. Luciano never provided Defendants with express consent to receive prerecorded or automated calls by Defendants on Luciano's cellular telephone. Luciano did not provide her cellular telephone number to Defendants "during the transaction that resulted in the debt owed."

31. Beginning in or around June 2014, Defendants began calling Luciano's cellular telephone in connection with alleged missed payments. These calls were made to Luciano's cellular telephone number, and consisted of repeated, harassing autodialed and/or prerecorded calls.

32. Defendants called Luciano's cellular phone approximately once per day, six days a week, between early June 2014 and late August 2014. The exact number of calls can be determined from Luciano's cellular phone bills and from Defendants' records.

33. Each defendant is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(39) ("The term 'person' includes an individual, partnership, association, joint-stock company, trust, or corporation.")

34. All telephone contact by Defendants to Luciano on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

35. The telephone number that Defendants used to contact Luciano, with an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

36. Luciano did not provide "prior express consent" allowing Defendants to place telephone calls to Luciano's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

6

37. Defendants' telephone calls to Luciano's cellular phone were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

38. Defendants' telephone calls to Luciano's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Luciano's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

39. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Luciano provided her prior express consent within the meaning of the statute.

## *WCA*

40. In June 2014, Defendants began contacting Luciano on her work telephone at her place of employment.

41. At Luciano's place of employment, an incoming telephone call causes all the employees' telephones to ring. The first employee to pick up the phone answers the call.

42. After the first telephone call from Defendants that Luciano received on her work telephone, Luciano told the Defendants employee that she was not permitted to receive personal calls on her work phone, and she provided her personal cellular phone number.

43. In June 2014, Luciano's boss also told Defendants' representatives that Luciano could not receive personal calls at her work number.

44. Despite Luciano's and her boss's direct statements to Defendants that Luciano could not receive personal phone calls at work, Defendants continued to call Luciano's work telephone number daily until late August 2014.

7

45. Defendants called Luciano's work telephone number at least 60 times, if not more. The exact number of calls can be determined from Plaintiffs' cellular phone bills and from Defendants' records.

## COUNT I

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**

46. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

47. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

48. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

49. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## COUNT II

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ*.**

50. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

51. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

52. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

53. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendants' violation of the TCPA in the future.

54. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## **COUNT III – WCA**

55. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

56. Defendants contacted Luciano's employer many times, after Luciano and Luciano's boss both told Defendants that Luciano was not permitted to receive personal phone calls on her work phone.

57. On the phone calls to Luciano, Defendants representatives attempted to collect the alleged debt from Luciano.

58. The phone calls were not "solely to verify employment status or earnings," and Luciano's employer did not have "an established debt counseling service or procedure." The calls were attempts to collect the alleged debt.

59. Defendants continued to call Luciano's employer to attempt to put undue pressure on Luciano to pay the alleged debt to Defendants. Such conduct is inherently unfair, as the

9

consumer is placed at risk for workplace discipline, up to termination, for repeated personal calls to the employer.

60. The Fair Debt Collection Practices Act has a similar provision to Wis. Stat. § 427.104(1)(d), prohibiting all communications (not just phone calls) "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. § 1692c(a)(3); *Horkey v. J.V.D.B. & Assoc. Inc.*, 333 F.3d 769 (7th Cir. 2003). While the FDCPA itself does not apply to Defendants as it is a "creditor," (15 U.S.C. § 1692a(4)), the Wisconsin Supreme Court has held that the WCA should be interpreted consistently with the FDCPA and related federal consumer protection statutes. *Brunton v. Nuvell Credit Corp.*, 325 Wis. 2d 135, 161 n.12, 785 N.W.2d 302, 314 n.12 (2010) (coordinating the Wisconsin Supreme Court's interpretation of the WCA with the FDCPA, and noting that other courts have done so as well).

## CLASS ACTION ALLEGATIONS

61. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

62. Plaintiff proposes to certify two classes.

63. The "TCPA class" is defined, subject to amendment as appropriate, as:

> All persons within the United States who, on or after October 10, 2008, received a non-emergency telephone call from or on behalf of Defendants to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, and who either did not provide their cellular telephone number to the alleged creditor or who revoked prior express consent to contact the person's cellular phone.

Collectively, all these persons will be referred to as "TCPA Class Members." Plaintiff Luciano represents, and is a member of, the TCPA Class. Excluded from the Class are Defendants and any entities in which Defendants has a controlling interest; Defendants' agents and employees;

any Judge to whom this action is assigned and any member of such Judge's staff and immediate family; and claims for personal injury, wrongful death and/or emotional distress.

64. The "WCA class" is defined, subject to amendment as appropriate, as:

All natural persons in the State of Wisconsin to whom Defendants placed telephone calls to the person's employer's telephone number, after Defendants were aware that the person was not permitted to receive telephone calls at his or her place of employment, since October 10, 2013.

65. Plaintiff does not know the exact number of members in each Class, but Plaintiff reasonably believes that Class members number at minimum in the hundreds.

66. Plaintiff and all members of the Class have been harmed by the acts of Defendants.

67. This Class Action Complaint seeks injunctive relief and money damages.

68. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendants and/or its agents.

69. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendants and/or its agents made non-emergency calls to Luciano's and Class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

11

b. Whether Defendants and/or its agents utilized "skip tracing" methods to locate the cellular telephone numbers of non-customers;

c. Whether Defendants can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), to make such calls;

d. Whether Defendants' conduct was knowing and/or willful;

e. Whether Defendants are liable for damages, and the amount of such damages;

f. Whether Defendants should be enjoined from engaging in such conduct in the future; and

g. Whether Defendants violated the WCA by contacting consumers' employers prior to the entry of judgment against the consumer.

70. Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

33. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

34. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendants to comply with the TCPA and WCA. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all

automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

35. Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## JURY DEMAND

45. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendants:

A. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

B. As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff Luciano seeks for herself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. As a result of Defendants' violations of 47 U.S.C. § 227(b)(1), Plaintiff Luciano seeks for herself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

D. As a result of Defendants' violations of Wis. Stat. § 427.104(1), Plaintiff seeks for herself and each class member $1,000.00 in statutory damages pursuant to Wis. Stat. § 425.304.

E. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

13

F. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

G. Such other relief as the Court deems just and proper.

Dated: October 10, 2014

**ADEMI & O'REILLY, LLP**

By: /S/ Mark A. Eldridge
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com